271

The feature which distinguishes those cases from the present case is that there the examiner failed to mark the disputed items at all. In the case at bar the examiner's marking is subject to interpretation. Under one interpretation, i. e., that the mark covered all the items down to the red-ink line, which, we think, it will be admitted by all was the intention of the parties to the stipulation, the items, or the class of merchandise, were sufficiently marked. Under the other interpretation—which nobody intended—the last item was not sufficiently marked. When one considers the nature of the claim made in the protest, which was sustained by the court, that the tax under the Internal Revenue Code should have been taken on the net footage imported, neither logic nor law can support the second interpretation.

For the foregoing reasons we are satisfied that the collector did not follow the mandate of this court when reliquidating under its original judgment, and the motion for rehearing will be denied.

BEFORE THE FIRST DIVISION, MARCH 8, 1944

No. 49249.—Protest 99436–K of S. H. Kress & Co. (Los Angeles).

Opinion by OLIVER, P. J.  It was stipulated that the articles in question are similar in all material respects to those involved in Abstract 48170, the record in which case was incorporated herein.  The claim at 25 percent under paragraph 1537 was therefore sustained.

No. 49250.—Protest 106752–K of Lun Tai & Co. (New York).

Opinion by COLE, J.  The merchandise was assessed and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in Quong Yuen Shing Co. v. United States (31 C. C. P. A. 43, C. A. D. 247).  In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5 (chemical compounds).  The protest was sustained to this extent.

BEFORE THE THIRD DIVISION, MARCH 8, 1944

No. 49251.—Protest 70323–K of Louis Wolf & Co., Inc. (New York).

Opinion by CLINE, J.  In accordance with stipulation of counsel and on the authority of Strauss v. United States (9 Cust. Ct. 342, C. D. 710), which record was incorporated herein, it was held that these articles are used chiefly for utilitarian purposes on the table or in the household.  The claim at 40 percent under paragraph 339 was sustained.

No. 49252.—Protests 991802–G, etc., of Roethlisberger & Co., Inc., et al. (New York).

Opinion by CLINE, J.   It was stipulated that all such portions except those described as "Tilsit" are similar in all material respects to cheese the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 id. 271, C. D. 767), which records were incorporated herein.   In accordance therewith the protests were sustained to this extent.

**No. 49253.**—Protests 60001–K, etc., of Werner Marx (New York).

Opinion by CLINE, J.   It was stipulated that all such portions except those described as "Tilsit" are similar in all material respects to cheese the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 id. 271, C. D. 767), which records were incorporated herein.   In accordance therewith the protests were sustained to this extent.

MARCH 11, 1944

**No. 49254.**—SUIT 4432.—
   *Brandon Corporation* v. *United States.*   C. D. 719 affirmed.   C. A. D. 266.

BEFORE THE FIRST DIVISION, MARCH 15, 1944

**No. 49255.**—Protests 946065–G, etc., of Weiss & Biheller Merchandise Corp. (New York).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel that the glass reflectors are similar to those the subject of Abstract 48951 the claim at 60 percent under paragraph 218 (c) was sustained.

BEFORE THE SECOND DIVISION, MARCH 15, 1944

**No. 49256.**—Protest 93659–K of Evans Chemetics Corp. (New York).

TILSON, Judge:   This suit against the United States presents for determination the question of the proper classification of certain imported merchandise which was classified as aluminum scrap and duty levied thereon at the rate of 3 cents per pound under paragraph 374 of the act of 1930 and the trade agreement with Canada, T. D. 49752.   The plaintiff claims said merchandise to be properly dutiable at only 7½ percent ad valorem under paragraph 1555 of said act and the trade agreement with the United Kingdom, T. D. 49753, as waste, not specially provided for.

At the trial of the case there was offered and received in evidence an analysis of the merchandise in question which was made by the Government chemist at New York.   Counsel for the plaintiff also offered and there was received in